IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-00651-RBJ

SERENA CAMPBELL,

      Plaintiff,

v.

CITY OF NORTHGLENN, COLORADO, and
ADAMS COUNTY, COLORADO,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

---

This matter comes before the Court on defendant Adams County's motion to dismiss, or,

in the alternative, for summary judgment; the City of Northglenn's similar motion; and the City

of Northglenn's motion regarding relocation of the dog at issue in this case. ECF Nos. 52, 53,

62. The motions to dismiss are granted, and the motion to relocate the dog is moot.

### BACKGROUND

In 2012 Serena Campbell began living with her boyfriend, Richard Jackson, and his dog,

a male American Staffordshire Terrier named Adolf (later renamed Baby). In August 2014 Ms.

Campbell moved out of the residence, but she still came by to take care of Adolf. A month later,

on September 11, 2014, Adolf bit a mail carrier. Northglenn police officers responded to the

scene and told Ms. Campbell that Mr. Jackson may be receiving a summons because of the dog

attack. A week later, Northglenn Police Department filed an application and affidavit for an

arrest warrant for Mr. Jackson for unlawful ownership of a dangerous dog. Shortly thereafter, Mr. Jackson and Ms. Campbell were arrested on unrelated charges, and Adolf was placed in protective custody at the Adams County Animal Shelter. The shelter refused to release Adolf.

In February 2015 Ms. Campbell was notified that a hearing had been scheduled regarding the disposition of Adolf. At the hearing, the Northglenn Municipal Court heard testimony from police officers and Ms. Campbell, and it ordered that Adolf be destroyed. Ms. Campbell appealed to the Adams County District Court, which affirmed the order. Ms. Campbell then petitioned the Colorado Supreme Court for a writ of certiorari, but it denied this petition on April 18, 2016.

A few weeks prior, on March 25, 2016, Ms. Campbell filed this civil action. Her First Amended Complaint raises three claims for relief: (1) violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 against the City of Northglenn because the city performed an illegal traffic stop and detained her without probable cause, and subsequently acted directly "through its Police Department, City Attorney's Office and/or Municipal Court," or indirectly by "approv[ing] or ratif[ying] the unlawful deliberate disposition of property belonging to [Ms. Campbell]," i.e., Adolf, "without due process"; (2) violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 against Adams County because the county, "through its Animal Shelter" or through "approv[al] or ratifi[cation]," unreasonably seized Adolf and failed to provide due process; and (3) declaratory relief that the Northglenn Municipal Code provision providing authority for Adolf's disposition violated the Fourth and Fourteenth Amendments, that Northglenn Municipal Court had no jurisdiction to hold a disposition hearing to determine

Adolf's fate, and that Adolf should immediately be released from the Adams County Shelter's custody. ECF No. 51 at 26–32.

Adams County has filed a motion to dismiss or, in the alternative, a motion for summary judgment. ECF No. 52. The City of Northglenn has filed a similar motion. ECF No. 53. The motions have been fully briefed. ECF Nos. 55, 56, 57, 58. Northglenn has also filed an unopposed motion for approval to relocate Adolf to an animal sanctuary pending the disposition of this case. ECF No. 62.

## STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See Twombly*, 550 U.S. at 556. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the

nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving

party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A

fact is material "if under the substantive law it is essential to the proper disposition of the claim."

*Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). A material fact is genuine if

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court will examine the factual

record and make reasonable inferences in the light most favorable to the party opposing

summary judgment. *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513,

1517 (10th Cir. 1994).

## ANALYSIS

Defendants contend that Ms. Campbell has not correctly named defendant the Board of

County Commissioners of Adams County ("BOCC"); Ms. Campbell's allegations are

insufficient to state a claim against BOCC; Ms. Campbell's *Monell* claim based on a final

policymaker fails to state a claim against BOCC; the *Rooker-Feldman* doctrine deprives this

Court of subject matter jurisdiction to hear a challenge to the Northglenn Municipal Court's

order; and Ms. Campbell cannot establish a Fourth Amendment violation because she did not

own Adolf when he was seized. ECF Nos. 52, 53. Although I agree that BOCC was not

correctly named as a defendant under Colorado Revised Statutes § 30-11-105, I will focus my

discussion on the infirmities in Ms. Campbell's complaint that cannot be corrected by further

amendment.

**A. Unreasonable Seizure: Traffic Stop.**

Ms. Campbell alleges that "the City of Northglenn . . . performed an illegal traffic stop of [her], and order [sic] her out of her vehicle at gunpoint, and detain [sic] her all without probable cause." ECF No. 51 at ¶ 101. But cities do not perform traffic stops; police officers do. Ms. Campbell has thus failed to plead a plausible claim for relief. *See Twombly*, 550 U.S. at 570.

Even if Ms. Campbell properly attributed her traffic stop to a Northglenn police officer, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Ms. Campbell's Fourth Amendment claim concerning her traffic stop and detention therefore must be dismissed.

**B. Unreasonable Seizure: Adolf.**

Ms. Campbell also claims that Adams County unreasonably seized Adolf. The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) (quoting *Brown v. United States*, 411 U.S. 223, 230 (1973)).

The Court takes judicial notice of the Northglenn Municipal Court proceedings, which are a matter of public record. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007). At the February 25, 2015 hearing, Ms. Campbell said unequivocally that Adolf "wasn't my dog." ECF No. 27-3 at 109:21. Instead, Ms. Campbell indicated that she was making an

appearance "representing Mr. Jackson." *Id.* at 4:17–21. She insisted that she would "not pay[]

the $953" for the county's holding Adolf "because [she] didn't have possession of the dog." *Id.*

at 109:15–18. She said she was "willing to take possession of the dog, but [she was] not paying

for when he was owned by [Mr. Jackson]." *Id.* at 109:18–20. And she reiterated that just

because she sometimes took care of Adolf "doesn't mean that [she] own[ed] the dog." *Id.* at

109:21–25. The judge found that although Ms. Campbell would not be charged for Adolf's prior

care, she qualified as an owner of the dog as of that date and would need to pay for Adolf's care

going forward if she appealed his order. *Id.* at 108:6–19, 110:12–16, 111:5–11.

Ms. Campbell may not change her story and now claim that she owned Adolf when he

was seized in 2014. The doctrine of judicial estoppel bars a litigant from "deliberately changing

positions according to the exigencies of the moment." *Bradford v. Wiggins*, 516 F.3d 1189, 1194

(10th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). That doctrine

applies here because Ms. Campbell's current position is clearly inconsistent with her position in

the Northglenn Municipal Court, she persuaded that court not to charge her for Adolf's prior

care, and she would gain an unfair advantage if she were not estopped. *Id.*

Because Ms. Campbell disclaimed ownership of Adolf when he was seized, she has no

Fourth Amendment claim as to his seizure. *See Siebert v. Severino*, 256 F.3d 648, 655 (7th Cir.

2001). Her remaining Fourth Amendment claims are thus dismissed.

### C. Denial of Due Process and Declaratory Judgment.

Last, Ms. Campbell claims that defendants have taken Adolf without providing due

process and that the Court should issue a declaratory judgment finding that Adolf has been

unlawfully ordered destroyed. This Court has no such power. The Northglenn Municipal Court

ruled that Adolf was a vicious dog and ordered that Adolf not be released and instead be euthanized. ECF No. 27-3 at 93–108. For Ms. Campbell to succeed on her due process claim, the Court would have to find that the Northglenn Municipal Court and Colorado appellate process provided Ms. Campbell constitutionally inadequate process before entering this destruction order.

Under the *Rooker-Feldman* doctrine, this Court has no jurisdiction to hear claims that amount to appeals of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine precludes Ms. Campbell's claims because "an element of the claim[s] is that the [state court] judgment was wrongful." *Campbell v. Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012). I could not hold that Ms. Campbell has been unlawfully deprived of Adolf, that the Northglenn Municipal Code or Municipal Court violated Ms. Campbell's constitutional rights, that Northglenn Municipal Court had no jurisdiction over Adolf, or that Adolf must be released without reviewing and rejecting the state court decision.

Ms. Campbell's claims are not saved by the fact that she filed this lawsuit a few weeks before the Colorado Supreme Court denied her petition for certiorari. As other judges in this District have noted, there is "ambiguous precedent from the Tenth Circuit on whether *Rooker-Feldman* applies if a suit is filed just before" state court appeals are exhausted. *Toney v. Keil*, No. 13-CV-03386-CMA-MJW, 2014 WL 4800275, at *4 (D. Colo. Sept. 26, 2014). I will not reiterate my colleagues' analysis in *Toney* and *McDonald v. J.P. Morgan Chase Bank, N.A.*, No. 12-CV-02749-MSK, 2014 WL 334813 (D. Colo. Jan. 30, 2014). Suffice to say, Ms. Campbell cannot challenge the Northglenn Municipal Court's decision in federal district court just because she protectively filed this suit shortly before learning that the Colorado Supreme Court denied

her appeal. Indeed, defendants were not served and their counsel did not enter an appearance until weeks after the Colorado Supreme Court acted on Ms. Campbell's petition. *See* ECF Nos. 16, 17, 18, 23, 24. This is hardly an instance of parallel state and federal litigation. Under these circumstances, the U.S. Supreme Court is the proper forum for challenging this state court decision. *See* 28 U.S.C. § 1257(a).

## ORDER

1. Defendant Adams County's motion to dismiss [ECF No. 52] and defendant City of Northglenn's motion to dismiss [ECF No. 53] are GRANTED. Plaintiffs' complaint is dismissed with prejudice.

2. Defendant City of Northglenn's Unopposed Motion Re: Relocation of Dog That Is the Subject of Plaintiff's Claim [ECF No. 62] is MOOT.

3. As the prevailing parties, defendants are awarded their reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 15th day of May, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge